IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,                                       No. CIV S-06-0033-MCE-CMK-P

       Plaintiff,

  vs.                                                              ORDER

LOU BLANAS,

       Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 4).[1]

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

---

[1] Plaintiff's original complaint (Doc. 1) was superceded by plaintiff's first amended complaint, filed as of right without leave of court pursuant to Federal Rule of Civil Procedure 15.

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names Lou Blanas as the defendant. Plaintiff states that on December 13, 2005, during the regular "pill call" for inmates on medication, he was given several different pills by the prison nurse. Plaintiff states that, later that same day, he was released to the dayroom where he began to feel tired and like he was going to vomit. Plaintiff states that the next thing he remembers is laying on the floor feeling disoriented and dizzy. At this point, another inmate called out "man down" to get the attention of correctional staff.

Plaintiff states that when correctional staff and medical personnel arrived, he heard someone saying, "Get up. I know who you are. I seen you up earlier today." Plaintiff was then assisted into a wheelchair. Plaintiff states that he was taken to the medical clinic for evaluation, where he passed out again. Plaintiff states that the examination revealed that his blood pressure had fallen dangerously low. To correct this, plaintiff was placed on an intravenous drip and was placed on a mat laying down with his legs raised. Plaintiff states that it was determined that he had been given an overdose of one medication and that he had been given another medication he was not supposed to have at all.

///

Plaintiff states that, as a result of this incident, he suffers from nightmares and panic attacks. Plaintiff seeks compensatory damages and various forms of equitable relief.

## II. DISCUSSION

Plaintiff's complaint suffers from two defects. First, while the complaint appears to state facts which would support an Eighth Amendment claim based on deliberate indifference with respect to medical needs, plaintiff has not adequately alleged such a claim. Second, plaintiff has not linked the alleged deprivation to the sole named defendant, Lou Blanas.

### A.  **Eighth Amendment Standards**

The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

1  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the
2  condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's
3  daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.
4  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

5        The requirement of deliberate indifference is less stringent in medical needs cases
6  than in other Eighth Amendment contexts because the responsibility to provide inmates with
7  medical care does not generally conflict with competing penological concerns. See McGuckin,
8  974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to
9  decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
10  1989). The complete denial of medical attention may constitute deliberate indifference. See
11  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical
12  treatment, or interference with medical treatment, may also constitute deliberate indifference.
13  See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also
14  demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

15        Negligence in diagnosing or treating a medical condition does not, however, give
16  rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a
17  difference of opinion between the prisoner and medical providers concerning the appropriate
18  course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,
19  90 F.3d 330, 332 (9th Cir. 1996).

20        In this case, plaintiff has not alleged facts which would suggest that he was given
21  the wrong medications (either in dosage or type) for the purpose of causing wanton infliction of
22  pain. As currently stated, plaintiff's claim is no more than a claim of negligence, which is not
23  cognizable. Plaintiff will be given an opportunity to amend his allegations.
24  / / /
25  / / /
26  / / /

### B. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff names Lou Blanas. However, nowhere in the statement of claim does plaintiff mention this individual. He merely refers to "medical staff," "a male voice," and "male medical tech." as the person(s) who responded to his fainting incident. These allegations could refer to a number of individuals. Another problem exists with respect to showing a causal link. Based on plaintiff's allegations, the alleged Eighth Amendment violation occurred when he was given the wrong medications. However, plaintiff names a male defendant but, at the same time, states that it was a female who gave him the medications during the "pill call." Plaintiff must name the actual individuals involved in the statement of his claim.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See

1  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
2  amend, all claims alleged in the original complaint which are not alleged in the amended
3  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
4  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
5  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
6  be complete in itself without reference to any prior pleading.  See id.

7        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
9  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
10 each named defendant is involved, and must set forth some affirmative link or connection
11 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
12 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13       Finally, plaintiff is warned that failure to file an amended complaint within the
14 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
15 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
16 comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
17 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

18       Accordingly, IT IS HEREBY ORDERED that:
19       1.  Plaintiff's first amended complaint is dismissed with leave to amend; and
20       2.  Plaintiff shall file a second amended complaint within 30 days of the date
21 of service of this order.

22 DATED:  September 5, 2006.

24       _____
      CRAIG M. KELLISON
25       UNITED STATES MAGISTRATE JUDGE