IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. KIRK, | No. CIV S-06-0033-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| LOU BLANAS, | |
|     Defendant. | |
| _____/ | |

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 17), filed on October 11, 2006.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5  must allege with at least some degree of particularity overt acts by specific defendants which
6  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7  is impossible for the court to conduct the screening required by law when the allegations are
8  vague and conclusory.

9         In his original complaint, plaintiff named Lou Blanas as the sole defendant.
10 Plaintiff stated that on December 13, 2005, during the regular "pill call" for inmates on
11 medication, he was given several different pills by the prison nurse.  Plaintiff stated that, later
12 that same day, he was released to the dayroom where he began to feel tired and like he was going
13 to vomit.  Plaintiff stated that the next thing he remembers is laying on the floor feeling
14 disoriented and dizzy.  At this point, another inmate called out "man down" to get the attention
15 of correctional staff.  Plaintiff stated that when correctional staff and medical personnel arrived,
16 he heard someone saying, "Get up.  I know who you are.  I seen you up earlier today."  Plaintiff
17 was then assisted into a wheelchair.  Plaintiff stated that he was taken to the medical clinic for
18 evaluation, where he passed out again.  Plaintiff stated that the examination revealed that his
19 blood pressure had fallen dangerously low.  To correct this, plaintiff was placed on an
20 intravenous drip and was placed on a mat laying down with his legs raised.  Plaintiff stated that it
21 was determined that he had been given an overdose of one medication and that he had been
22 improperly provided another medication not intended for his use.   Plaintiff stated that, as a result
23 of this incident, he suffers from nightmares and panic attacks.
24 / / /
25 / / /
26 / / /

On September 7, 2006, the court dismissed the original complaint with leave to amend.  The court stated that plaintiff's original complaint suffered from two defects.  First, while the complaint appeared to state facts which would support an Eighth Amendment claim based on deliberate indifference with respect to medical needs, plaintiff did not adequately allege such a claim.  Specifically, the court observed:

> In this case, plaintiff has not alleged facts which would suggest that he was given the wrong medications (either in dosage or type) for the purpose of causing wanton infliction of pain.  As currently stated, plaintiff's claim is no more than a claim of negligence, which is not cognizable.

Second, plaintiff did not link the alleged deprivation to the sole named defendant, Lou Blanas.  In this regard, the court noted:

> Here, plaintiff names Lou Blanas.  However, nowhere in the statement of claim does plaintiff mention this individual.  He merely refers to "medical staff," "a male voice," and "male medical tech." as the person(s) who responded to his fainting incident.  These allegations could refer to a number of individuals.  Another problem exists with respect to showing a causal link.  Based on plaintiff's allegations, the alleged Eighth Amendment violation occurred when he was given the wrong medications.  However, plaintiff names a male defendant but, at the same time, states that it was a female who gave him the medications during the "pill call."  Plaintiff must name the actual individuals involved in the statement of his claim.

In the second amended complaint, plaintiff named Blanas as well as various "John/Jane Does," whom he states are various prison medical doctors.  Plaintiff alleges that, during the regular "pill call" on December 13, 2005, he was given several different pills by an "African American Female M.T.A. Pill Nurse."  Plaintiff states that he followed the nurse's instructions to take the pills.  According to plaintiff, later that day he went to the dayroom where he sat down and began to feel very tired.  He states that when he later took a shower he felt disoriented and like he was going to vomit.  Plaintiff states that he then fainted.  Plaintiff states that medical staff responded.  Plaintiff alleges that it was later learned that he had been given the wrong medications during pill call and that the combination he had been given caused very serious side effects.

Plaintiff has not cured either defect identified in the court's September 7, 2006, order.  In particular, plaintiff continues to name Blanas, but fails to state how this individual violated his constitutional rights.  And, more to the point, the gravamen of plaintiff's amended complaint is still that medical providers were negligent by giving him the wrong medications.  Plaintiff has not alleged that anyone acted deliberately in order to cause him pain and suffering.  A claim based on medical negligence is not cognizable under § 1983.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).   Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 18, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE